**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES P. LARWETH, an individual,

    *Plaintiff/Counter-Defendant*,

vs.

MAGELLAN HEALTH, INC., a Delaware corporation,

    *Defendant/Counter-Plaintiff*.

**CASE NO: 6:18-cv-823-Orl-41DCI**

**PLAINTIFF/COUNTER-DEFENDANT JAMES P. LARWETH'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF MAGELLAN'S MOTION TO COMPEL PLAINTIFF/COUNTER-DEFENDANT TO PROVIDE COMPLETE RESPONSES TO INTERROGATORY NOS. 12, 14, AND 17, AND TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NOS. 8, 11, 17, 18, AND 20**

Plaintiff/Counter-Defendant James P. Larweth, through undersigned counsel, files this response in opposition to Magellan Health, Inc.'s Motion to Compel him to Provide Complete Responses to Interrogatory Nos. 12, 14, and 17, and to Produce Documents Responsive to Request Nos. 8, 11, 17, 18, and 20 ("Motion") (DE 45) and in support states:[1]

**Introduction**

Larweth does not dispute that Magellan is entitled to many of the documents and responses it seeks. However, disclosure of this information—the existence and contents of commercial contracts to which Larweth is a party—is prohibited by various confidentiality provisions contained within those agreements.

---

[1] James P. Larweth is referred to as "Larweth"; Magellan Health, Inc. is referred to as "Magellan"; Larweth and Magellan are collectively referred to as the "Parties."

The Parties have worked for months to establish a confidentiality agreement that satisfactorily protects both of their interests. There have been no fewer than seven versions of the confidentiality agreement exchanged between the Parties. With each round of revisions, it appeared that the Parties were closing in on an agreement. Those negotiations were ongoing when Magellan filed its Motion and remain so as of the date of this filing. Despite Magellan's instant Motion, Larweth expects the Parties to be able to come to a satisfactory agreement in short order. As of February 28, 2019—the date of this filing—at 8:00 P.M., Larweth has provided Magellan with a version of the confidentiality agreement with all of Magellan's revisions agreed to and accepted. All that remains is for Magellan to agree that it is in effect. Amended Responses to the at issue interrogatories and requests for production will be provided upon agreement by Magellan to the confidentiality agreement.

Further, over the course of months, the Parties met and conferred for several hours regarding Magellan's Requests for Production and Interrogatories. Following these discussions, Larweth provided Amended Responses and Objections to Magellan's Interrogatory Nos. 1, 2, 4-6, and 8-17 on January 18, 2019, and his Second Amended Responses and Objections to Magellan's Interrogatory Nos. 13, 18, and 19 on January 24, 2019. On January 29, 2019 and February 13, 2019, Larweth produced documents, which included text messages, emails, and spreadsheets.

I. **MEMORANDUM OF LAW**

   a. **Standard.**

The fulfillment of discovery obligations is generally handled by the parties with limited involvement by the district court. According to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." *Cute v. ICC Capital Mgmt., Inc.*, 2010 WL 11626590, at *1 (M.D. Fla. June 22, 2010) (quoting Middle District Discovery (2001) at 1). This "spirit of cooperation and civility" facilitates the intention that discovery is to proceed with minimal judicial supervision unless a dispute arises and one of the parties files a motion seeking judicial intervention. *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC*, 2007 WL 2010860, *1 (M.D. Fla. Jul. 6, 2007). When such a dispute arises and judicial intervention is sought, the party resisting discovery bears the burden of demonstrating specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000). Ultimately, the decision to grant or deny a motion to compel is within the district court's discretion. *Curley v. Stewart Title Guaranty Co.*, 2018 WL 6829727, at *2 (M.D. Fla. Dec. 28, 2018) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 739, 731 (11th Cir. 1984).

   b. **Magellan Mischaracterizes Larweth's Position Regarding the At-Issue Information.**

At no point has Larweth outright refused to turn over confidential material. It is not now nor has it ever been Larweth's position that the materials sought—explanations and documents reflecting his market activity—are not discoverable. Instead, Larweth has

3

consistently maintained that the overwhelming majority of information sought by the Motion will be provided upon the entry of a confidentiality agreement.

Both Parties agree that a confidentiality agreement is necessary given the nature of the documents to be produced. *Conti v. Nat'l City Mortgage Co.*, 2009 WL 10705550, at *1 (M.D. Fla. Nov. 13, 2009) (stating that "confidentiality agreements can be useful tools to aid in the promotion of discovery"). Both Parties have diligently negotiated the terms thereof. As of the time of this filing, Larweth has agreed to Magellan's latest revisions without proposing any further revisions of his own and is waiting for Magellan's final confirmation and acceptance. As such, so long as Magellan provides its confirmation and does not have additional revisions, Larweth's concerns regarding the production of certain confidential documents without a confidentiality agreement in place have been adequately addressed and the documents withheld pursuant to those objections will be produced in short order with the limited exception discussed further below.

    **c. Larweth's Second Amended Interrogatory Responses to Interrogatory Nos. 12, 14, and 17 Will be Amended Again Following the Entry of a Confidentiality Order.**

Magellan's suggestion that Larweth's responses to its Interrogatories Nos. 12, 14, and 17 are aimed at hiding his market activity strain credulity. Larweth's responses, cited in Magellan's Motion, and correspondence to Magellan's counsel (since July 2018) unequivocally make clear that he is competing. Further, during his deposition, Larweth disclosed no less than ten entities with which he has engaged in or attempted to engage in business with since leaving Magellan. Plaintiff's responses to interrogatories 12, 14, and 17 will be amended to provide all information withheld pursuant to the confidentiality objections

following entry of the confidentiality agreement between the parties. No information will be withheld on the basis of confidentiality in response to these interrogatories.

### d. Amended Responses to Magellan's Request Nos. l, 8, 11, 17, 18, and 20 Will be Provided Pursuant to Entry of a Confidentiality Agreement.

Again, the suggestion that Larweth is refusing to turn over information in order to delay proceedings or gain some type of unfair advantage is false. Larweth had no issue disclosing his competition in the months leading up to Magellan's Motion. Larweth has specifically identified a number of entities with whom he and Magellan are competing for business. To the extent that specific responses to Magellan's Requests remain, documents which are currently being withheld pursuant to confidentiality objections, with limited exception, will be provided in short order following Magellan's agreement to the confidentiality which, again, as of the time of this filing has not been agreed to.

As stated above, certain materials exchanged by Larweth (through one of his companies) and another entity which competes with Magellan, which are arguably responsive to Requests 18 and 20, are protected by a confidentiality agreement. The third party has not consented to the disclosure of such documents to Magellan and Larweth is obligated to honor that agreement until the Court orders otherwise. Larweth has been open with Magellan regarding these obligations and, to be clear, does not oppose such an order, but requests that the third parties be given a reasonably opportunity to seek protection from this Court before such materials are produced to Magellan.

### e. Larweth Has Offered to Allow an Additional Deposition of Proper Scope Following Full Production.

Magellan chose to take the deposition of Larweth despite having full knowledge of the above referenced confidentiality issues and knowing that production of all responsive materials was not yet complete. Larweth suggested that Magellan reserve time to address these issues during a continuation of his deposition on a separate date following resolution of these issues, but they refused. Instead, Magellan filed its Motion asking the Court to allow it to re-depose Larweth prior to even taking his deposition and hearing what he had to say. Magellan then proceeded to take a full seven (7) hour deposition of Plaintiff on February 19, 2019. Despite this, Larweth has offered to allow the continuation of his deposition, for three (3) hours, to occur within fifteen (15) days of the confidentiality issues being resolved. As of 8:00 p.m. on February 8, 2019, Magellan has not stated its position on this offer.

### f. Magellan is not entitled to its attorney fees in connection with its Motion

Even if this Court grants Magellan's Motion, it should not be awarded fees under Federal Rule of Civil Procedure 37 as Larweth's position regarding the confidentiality agreements with third parties is "substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

Plaintiff's confidentiality objections are premised on agreements between he and third parties and the reasonable belief that the confidentiality agreement is nearing completion. *See Trahan v. Sandoz Inc.*, 2015 WL 12857088, at *1 (M.D. Fla., Sept. 24, 2015) (denying award of fees where it "appear[ed] that reasonable people could differ as to the appropriateness of [party's] objections"). Throughout the process of negotiating the confidentiality agreement, Plaintiff has repeatedly indicated his willingness to provide the vast majority of responsive documents and information immediately after a confidentiality agreement is entered or he is

ordered to do so by this Court. Plaintiff has been open with Defendant's counsel that the documents and information at issue are subject to confidentiality provisions with third-parties preventing the disclosure without adequate assurances that the documents and information will be properly protected. To that end, the Parties have been negotiating the terms of a confidentiality agreement to ensure that it provides the proper procedures to protect the confidentiality of certain documents and information. The Parties are very close to reaching, and likely have reached (as of the time the Court is reading this motion), an agreement on the terms of the confidentiality agreement. As such, Magellan's Motion was in large part premature. Further, as Plaintiff's objections are and were substantially justified and he should not be sanctioned for his reasonable objections.

II.   **CONCLUSION**

For the reasons set forth above, Larweth respectfully requests that the Court enter an Order that:

1. Larweth's deposition may be continued for up to three (3) hours, to occur within fifteen (15) days of the Court's order on this Motion and/or entry of the confidentiality agreement between the parties, whichever is later;

2. granting any third parties who are potentially impacted by Magellan's requested relief, ten (10) days to seek appropriate protection from this Court, before Larweth is required to produce responsive materials subject to the confidentiality agreement entered by the parties; and

3. that otherwise denies Magellan's Motion in its entirety.

Dated: February 28, 2019

Respectfully submitted,

By: /s/ *Christopher Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com

Jonathan Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com
**Trial Counsel**

**Pollard PLLC**
401 E. Las Olas Blvd.
Suite #1400
Fort Lauderdale, Florida 33301
Telephone: (954) 332-2380
Fax: (866) 594-5731
*Attorneys for Plaintiff/Counter-Defendant, James P. Larweth*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via e-mail to all counsel of record in this action on February 28, 2019.

By: /s/ *Christopher Prater*
Christopher S. Prater