# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JAMES P. LARWETH, an individual<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>MAGELLAN HEALTH, INC., a Delaware corporation<br><br>*Defendant/Counter-Plaintiff.* | CASE NO: 6:18-CV-823-ORL-41DCI |

### JAMES P. LARWETH'S LEGAL MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE UNDER SEAL DEFENDANT'S TRIAL EXHIBIT NO. 352

Pursuant to Local Rule 1.11(c), Plaintiff James P. Larweth files this Memorandum in Support of his Motion for Leave to File Under Seal Defendant Magellan Health Inc.'s Trial Exhibit 352.

### LEGAL STANDARD

In addition to Local Rule 1.11(c), "[t]he law provides that the operations of the courts and the judicial conduct of judges are matters of utmost public concern, . . . and [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the

integrity of the process." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citations omitted) (cleaned up). However, "this right of access is not absolute." *Id.*

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1246 (citation omitted). "Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements . . . often outweigh the public right of access." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (collecting such cases); *see also Local Access, LLC v. Peerless Network, Inc.*, 614CV399ORL40TBS, 2016 WL 374948, at *1 (M.D. Fla. Feb. 1, 2016) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

## **ARGUMENT**

Here, Larweth seeks leave to file under seal Magellan's trial exhibit 352, which "shows revenue received by Magellan from 2015 through the first quarter of 2020 from various pharmaceutical rebate contracts between Magellan and three of its health plan clients." Magellan's Resp. in Opp. To Larweth's Mot. to

Exclude at p. 6 [Doc. 251]. Given the content of this exhibit—Magellan's supposed confidential business information—the Court should permit Larweth to file the exhibit under seal. *E.g.*, *Chemence Med. Products, Inc. v. Medline Indus., Inc.*, 1:13-CV-500-TWT, 2015 WL 149984, at *2 (N.D. Ga. Jan. 12, 2015) ("Exhibit 7 should be sealed because it contains confidential business information."), *5 ("The Court grants the motion to seal Exhibit D–250 because it contains confidential business information.").

In addition, the Court should permit Larweth to file under seal the exhibit—designated as CONFIDENTIAL—ATTORNEY'S EYES ONLY pursuant to the parties' confidentiality agreement—because "[a]llowing public access to documents which have been designated as CONFIDENTIAL, CONFIDENTIAL—ATTORNEY'S EYES ONLY, or which are otherwise privileged could harm the parties' legitimate interests." *NXP B.V. v. Blackberry Ltd.*, 612CV498ORLYKTBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014). "These proceedings involve private parties, not public officials or public concerns, and keeping this information confidential should not impair judicial functions. And, the parties have been unable to identify a less onerous alternative to filing the documents containing confidential and privileged information under

seal." *Id.*; *accord Teledyne Instruments, Inc. v. Cairns*, 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013).

## CONCLUSION

For these reasons, the court should permit Larweth to file Defendants' trial exhibit 352 under seal.

Dated: March 4, 2021

                                                 Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Todd Mensing*
Todd Mensing (*Pro hac vice*)
Texas Bar No. 24013156
tmensing@azalaw.com
Harrison Scheer (*Pro hac vice*)
Texas Bar No. 24110333
hscheer@azalaw.com
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

and

Christopher Prater, Esq.
Florida Bar No.: 105488
Email: cprater@pollardllc.com
Jonathan Pollard, Esq.
Florida Bar No.: 83613

Email: jpollard@pollardllc.com
**POLLARD PLLC**
100 SE 3rd Ave., Suite 601
Fort Lauderdale, Florida 33394
Phone: (954) 332-2380
Fax:     (866) 594-5731

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 4, 2021 I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, who will provide electronic notification to all counsel of record.

                                      */s/ Todd Mensing*
                                      Todd Mensing